IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIMOTHY CLARIDY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Case No. SAG-24-01098 |
| | * |
| UNITED STATES OF AMERICA, | * |
| *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Timothy Claridy ("Plaintiff") filed this case against the United States of America, Keith A. Gladstone, the Baltimore Police Department ("BPD"), Mayor and City Council of Baltimore ("the City"), Frederick Bealefeld, Marcus Brown, and Leonard Hamm[1] (collectively "Defendants"). ECF 50. Plaintiff argues that Defendants violated his constitutional rights and committed various state constitutional and common law torts when executing a search warrant on his residence and arresting him in 2007. *Id.* Defendants have, in three groups, filed motions to dismiss Plaintiff's Second Amended Complaint. ECF 51 (BPD Defendants); ECF 52 (Gladstone), ECF 53 (United States). Plaintiff asked for multiple extensions of time to oppose those motions. ECF 54, 56, 58, 60, 62, 63, 69. On July 10, 2025, this Court granted one final extension of time, requiring that Plaintiff's opposition be filed by July 21, 2025 and stating that "NO FURTHER EXTENSIONS" would be granted for Plaintiff's opposition. ECF 72. Nevertheless, on July 21, 2025, Plaintiff did not file an opposition and instead filed a Motion to Stay this litigation pending

---

[1] Defendants BPD, the City, Bealefeld, Brown, and Hamm are collectively referred to as "the BPD Defendants." Although Gladstone also worked for the BPD at the time of the relevant incidents, in light of his subsequent federal conviction, he is represented separately in this lawsuit.

proceedings in his criminal case, ECF 73. All Defendants jointly opposed the motion to stay, ECF 74. This Court has considered all of the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Motions to Dismiss will be granted and the Motion to Stay will be denied.

I.     **LEGAL STANDARDS FOR MOTION TO DISMISS**

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

As part of a federal investigation, in 2007, Baltimore City Detective Keith Gladstone, who had been deputized as part of a federal task force, obtained a search warrant from a Maryland state court judge. The task force executed the warrant on May 22, 2007, at a home where Plaintiff and another person lived. Plaintiff told the officers that heroin and a gun were in the upstairs closet, and the search later revealed those items, in addition to a small bag of marijuana, scales, and paperwork bearing Plaintiff's name. The United States charged Plaintiff with, and convicted him of, narcotics and firearm offenses relating to those events. *See United States v. Claridy*, Crim. No. 07-00244-RDB (hereinafter, "the Criminal Case").

In 2011, Plaintiff filed his first motion in the Criminal Case to vacate his conviction pursuant to 28 U.S.C. § 2255. Criminal Case, ECF 100. That motion was denied by the trial judge, and Plaintiff's appeal was dismissed by the Fourth Circuit. Criminal Case, ECF 111, 112, 120.

In 2019, the federal government charged Gladstone with federal offenses relating to unrelated misconduct in 2014. *United States v. Keith Gladstone*, Crim. No. 19-0094-SAG. After Gladstone's indictment, federal public defenders representing Plaintiff in the Criminal Case filed supplemental motions under 28 U.S.C. § 2255. Criminal Case, ECF 126, 132.

Ultimately, in April of 2021, Plaintiff filed a Consent Motion for Compassionate Release, indicating that the parties agreed "to make a joint recommendation to the Court for a reduction of the sentence to time served plus fourteen days imprisonment."[2] Criminal Case, ECF 133. The Consent Motion specified that Plaintiff agreed to voluntarily dismiss his pending supplemental § 2255 motions if the Court accepted the sentencing reduction. *Id.* The trial judge granted

---

[2] Plaintiff claims, in his Second Amended Complaint, that no such motion was ever filed, but this Court takes judicial notice that it exists on the docket. *See* Criminal Case, ECF 133.

Plaintiff's Consent Motion on the same day, dismissing the § 2255 motions pursuant to the parties' agreement. Criminal Case, ECF 134. The Order granting the motion specified that all other terms and conditions of Plaintiff's sentence remained in effect. *Id.* Although Plaintiff was supposed to serve five years of supervised release after his release from incarceration in April, 2021, on February 26, 2024, the Federal Public Defender representing Plaintiff in the Criminal Case filed a motion seeking early termination of Plaintiff's supervised release, which Judge Bennett granted.[3] Criminal Case, ECF 146, 147.

Plaintiff filed the instant lawsuit on April 15, 2024. ECF 1. Plaintiff subsequently amended his complaint twice. ECF 7, 50. After the instant motions to dismiss were filed, on July 1, 2025, Plaintiff filed another Motion to Vacate Judgment and supporting memorandum in his Criminal Case. Criminal Case, ECF 148. That motion is not yet fully briefed and remains pending before the sentencing judge.

In this case, Plaintiff's Second Amended Complaint contains three federal claims and a number of state law claims. ECF 50. The federal claims arise under three federal statutes: 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988. Each claim is either entirely non-viable or is subject to dismissal for the reasons set forth below. This Court first will address Plaintiff's state law claims.

---

[3] Oddly, Plaintiff seems to contend that had he been consulted, he would have opposed his criminal counsel's motion seeking early termination of his supervised release, because the early termination vanquished his ability to seek § 2255 relief from his conviction. ECF 73 at 8–9. That is not an issue pertinent to this case, and there is no legitimate question that, today, Plaintiff's criminal conviction remains valid.

## III. PLAINTIFF'S STATE COMMON LAW CLAIMS (Counts V–VIII)

### A. Count V (Malicious Prosecution)

To state a claim for malicious prosecution under Maryland law, a plaintiff must allege that (1) the defendant caused a seizure of the plaintiff, (2) pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor. *See Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Plaintiff is unable to state such a claim in this case, because despite his compassionate release at an earlier-than-anticipated time, his criminal conviction remains undisturbed and that case has not terminated in his favor. His malicious prosecution claim must be dismissed.

### B. Count VI (Civil Conspiracy)

Maryland law provides that "'conspiracy' is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." *Alleco Inc. v. Harry & Jeanette Weinberg Found.*, 665 A.2d 1038, 1044–45 (Md. 1995) (quoting *Alexander v. Evander,* 650 A.2d 260, 265 n.8 (1994)) (deeming it "incorrect" to say "that civil conspiracy is recognized in Maryland as an independent tort"). Where a plaintiff has not established liability "for a substantive tort," a civil conspiracy claim "has no merit and must . . . be dismissed." *Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 692 (D. Md. 2001). As the rest of Plaintiff's tort claims are subject to dismissal, his civil conspiracy claim must also be dismissed.

### C. Count VII (Malicious Use of Process)[4]

Count VII alleges malicious use of process. However, while Plaintiff contends that Defendants maliciously instituted his criminal case, a required element of malicious use of process is a "civil proceeding" that was "instituted by the defendant." *One Thousand Fleet Ltd. P'ship. v. Guerriero*, 694 A.2d 952, 956 (Md. 1997). Because Plaintiff has not alleged facts satisfying that element, his malicious use of process claim is subject to dismissal.

### D. Count VIII (Vicarious Liability)

In Count VIII, Plaintiff asserts a claim for "vicarious liability" against the United States. That claim is not cognizable under the Federal Tort Claims Act (FTCA) and must be dismissed. *See, e.g.*, *Wells v. Fuentes*, Civ. No. 1:22CV00140MSNIDD, 2023 WL 3791390, at *8 (E.D. Va. June 2, 2023) (noting that because "[a]ll FTCA liability is respondeat superior liability," vicarious liability "is not cognizable as a standalone claim"); *Navajo Agric. Prods. Indus. v. United States*, 608 F. Supp. 3d 1060, 1071 (D.N.M. 2022) ("[A] plaintiff cannot hold the United States liable for a tort under the FTCA on any theory of vicarious liability, other than the theory of scope of employment."); *Thompson v. Dilger*, 696 F. Supp. 1071, 1072 n. 1 (E.D. Va. 1988) ("[T]he FTCA subjects the United States to liability only for 'negligent or wrongful acts' of a federal employee. Claims of vicarious or strict liability are, therefore, excluded.") (citation omitted) (quoting 28 U.S.C. § 1346(b)).

---

[4] This Court notes that several of the same claims asserted in this Second Amended Complaint were dismissed by United States District Judge Julie R. Rubin in *Gladstone v. Gladstone*, Civ. No. 22-00549-JRR, 2023 WL 2571510 (D. Md. March 18, 2023), a case also filed by Plaintiff's counsel, on the identical bases cited in this opinion. For example, Judge Rubin explained to counsel that "malicious use of process" applies only to civil proceedings and that 42 U.S.C. § 1988 does not confer a cause of action on a private litigant. *Id.* at *10–11. Plaintiff's counsel was undeterred in re-asserting such unsustainable legal theories in this litigation. Should such conduct persist in this case or future cases, it may warrant referral to the Disciplinary Committee of this Court.

## IV. PLAINTIFF'S FEDERAL AND STATE CONSTITUTIONAL CLAIMS

### A. Count III (42 U.S.C. § 1988)

42 U.S.C. § 1988 permits courts to award a prevailing party attorney's fees in an action brought pursuant to several provisions, including 42 U.S.C. § 1983. It does not provide any independent cause of action. *See Banks v. Martirano*, Civ. No. CCB-20-1904, 2020 WL 5849477, at *2 (D. Md. Oct. 1, 2020). Count III must be dismissed.

### B. Remaining Counts (Counts I, II, and IV)

Defendants contend that Plaintiff's lawsuit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). This Court agrees.[5] In *Heck*, the Supreme Court held that a plaintiff bringing a § 1983 claim alleging unconstitutional conviction or imprisonment "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. Without such "favorable termination" for the plaintiff, the § 1983 claim may proceed only if the civil action "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." *Id.* at 486 n.5, 487. *Heck* applies equally to claims pursuant to § 1985. *See Poston v. Shappert*, 222 Fed. App'x 301 (4th Cir. 2007) (citing *Stephenson v. Reno*, 28 F.3d 26, 26–27, 26 n.1 (5th Cir. 1994)).[6]

---

[5] Defendants raise a series of other arguments in favor of dismissal of some or all of Plaintiff's claims. As the remaining claims are all barred by *Heck,* this Court does not reach the myriad other legal issues.

[6] Count IV alleges a violation of Article 24 of the Maryland Declaration of Rights, which is read *in pari materia* with the federal Due Process Clause. *See Booth v. Maryland*, 337 Fed. App'x 301, 313 (4th Cir. 2009) (citing *Pickett v. Sears, Roebuck & Co.*, 775 A.2d 1218, 1224 (2001)). Logically, then, the *Heck* analysis would also bar Count IV, which constitutes an identical

Plaintiff's claims all implicate the validity of his criminal conviction. He argues that he was falsely arrested and imprisoned following an unlawful search and seizure, constituting and leading to his constitutional harms. Were Plaintiff to succeed in this civil case while his criminal conviction remains intact, it would be "in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at 484 (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991)). Plaintiff mounts exactly the sort of "collateral attack" via this civil litigation that the *Heck* Court prohibited. *Id.* at 485–86 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution."). Plaintiff's claims are therefore barred by *Heck*.

Plaintiff contends that this Court should stay this litigation, instead of dismissing his federal claims pursuant to *Heck*, to allow him to litigate the "motion to vacate judgment" he filed in his Criminal Case. ECF 73. However, Plaintiff is unable to meet the high bar required to warrant a stay. "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus.,*

---

collateral attack on the basis for Plaintiff's federal conviction. *See, e.g.*, *Cabot v. Lewis*, 241 F. Supp. 3d 239, 257 (D. Mass. 2017) ("While the holding of *Heck* applies only to civil-rights claims brought under § 1983, its reasoning appears to apply with equal weight to state-law claims); *Johnson v. Town of Charlestown*, Civ. No. 23-338 WES, 2024 WL 1329788, at *5 (D.R.I. Mar. 28, 2024) ("It would be incongruous to bar constitutional claims under § 1983 but allow plaintiffs to proceed with state-law analogs that cause the same problems *Heck* aimed to prevent. . . . State-law claims with similar elements as their constitutional counterparts can operate as workarounds to *Heck* that undermine the benefits of criminal convictions."); *Elphage v. Gautreaux*, 969 F. Supp. 2d 493, 515 (M.D. La. 2013) ("As a successful ruling on [the plaintiff's] state law claims for false arrest and imprisonment would undermine her conviction for resisting an officer, her claims are barred by *Heck*.") (citation omitted).

*Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Factors the court considers when weighing whether a stay is appropriate include "the length of the requested stay, the hardship that the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *Donnelly v. Branch Banking & Tr. Co.*, 971 F. Supp. 2d 495, 501–02 (D. Md. 2013) (quoting *In re Mut. Funds Inv. Litig.*, No. MDL 1586, 2011 WL 3819608, at *1 (D. Md. Aug. 25, 2011)).

Here, none of those factors support a stay. A protracted delay in this case would be likely, given the absence of any timetable governing the motion to vacate, where the briefing remains incomplete. A stay would also impose a significant burden on Defendants by further delaying the disposition of already years-old claims. And there is no apparent benefit to judicial economy from leaving this case pending in perpetuity while awaiting action in the Criminal Case. Plaintiff chose to file his civil case now, and it makes sense to adjudicate it now. Accordingly, this Court declines to exercise its discretion to stay this case and will simply dismiss the Second Amended Complaint without prejudice.[7]

---

[7] This Court further notes, however, that like the deficient complaint filed in Judge Rubin's similar matter, Plaintiff's Second Amended Complaint falls far short of basic pleading requirements, namely a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Second Amended Complaint consists of 51 pages largely recounting the history of the Gun Trace Task Force (GTTF) investigation and Gladstone's legal troubles. It collectively refers to "Defendants" without identifying with specificity what any defendant did. This constitutes improper group pleading. *See Sprint Nextel Corp. v. Simple Cell, Inc.*, Civ. No. CCB-13-617, 2013 WL 3776933, at *2 (D. Md. July 17, 2013) (noting that group pleading is only permissible where it is "plausible that each defendant was involved in all of the facts as alleged"). Plaintiff simply attempts to use group pleading to extend certain conclusory allegations to officers who had no specifically alleged involvement in the problematic portions of the investigation, without pleading any plausible factual basis to do so. Further, the Second Amended Complaint is nearly devoid of any assertions about what actually happened in Plaintiff's case. Instead, the Second Amended Complaint is rife with extraneous information, including but not limited to quotes from *Poor Richard's Almanack*. ECF 50 at 32–33. It also, like the complaint in Judge Rubin's case, contains a "laundry list of sections 1983 and 1985 claims – each of which has its own elements under the applicable law." *Gladstone*, 2023 WL 2571510, at *1 n.4. In sum,

## V.     CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss, ECF 51, 52, 53 are GRANTED without prejudice. Plaintiff's motion to stay, ECF 73, is DENIED. This Court will file a separate implementing Order, which will CLOSE this case.

Dated: September 22, 2025                                          /s/
                                                                Stephanie A. Gallagher
                                                                United States District Judge

---

Plaintiff's pleading is entirely improper in its contents and format and could have been dismissed on that basis alone.